UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET J. DIAZ, Regional Director
of the Twelfth Region of the National Labor
Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

Petitioner,

vs.  Case No. 8:12-cv-1410-T-27TBM

AC SPECIALISTS, INC.,

Respondent.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 23) of the Magistrate Judge recommending that the Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act, As Amended (Dkt. 1) be granted in part and denied in part. Both parties have filed objections to the Report and Recommendation (Dkts. 24 & 25) as well as responses to the opposing party's objections (Dkts. 26 & 27). After careful consideration of the Report and Recommendation in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

### Standard of Review

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The District Court may reconsider a report and

recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

## Procedural Background

Petitioner, Margaret J. Diaz, Regional Director of the Twelfth Region of the National Labor Relations Board ("**Petitioner**" or "**Board**"), filed this petition for injunctive relief under Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j) (the "**Act**"). Petitioner contends that AC Specialists, Inc. ("**ACS**" or "**Respondent**") engaged in unfair labor practices that violate §§ 8(a)(1), (3), and (5) of the Act, codified at 29 U.S.C. §§ 158(a)(1), (3) and (5).

Following a hearing on the Petition attended by counsel for both parties, the Magistrate Judge submitted the pending Report and Recommendation in which he recommends that the Petition be granted in part as follows:

(1) ACS, its officers, employees, representatives, agents or assigns, and all persons acting in concert with them, be enjoined from:

    (a) creating any impression among employees that their union activities are under surveillance;

    (b) interrogating employees about their union membership, activities, and sympathies, or about the union membership, activities, and sympathies of other employees;

    (c) threatening employees with discharge or arrest if they engage in union activities or because they have engaged in union activities;

    (d) telling employees that it is futile to choose the United Association of Plumbers, Pipefitters & HVAC Refrigeration Mechanics, Local Union 123, United States and Canada, AFL-CIO (the "**Union**") as their collective bargaining representative;

(e) discharging or otherwise discriminating against employees because they join or assist the Union, or engage in concerted activities relating to the Union or union membership;

(f) discouraging employees from engaging in concerted activities relating to the Union or union membership; and

(g) in any other manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed by Section 7 of the Act, codified at 29 U.S.C. § 157.

(2) ACS be directed to take the following affirmative steps:

(a) offer, and if such offer is accepted, reinstate James R. Stahl to his former position as a technician with ACS;[1]

(b) convene a meeting during working hours so that pertinent provisions of the Order granting injunctive relief may be read to employees in the presence of responsible management officials and a Board agent;

(c) post copies of the Order granting injunctive relief at ACS's facility in a location where employee notices are customarily posted and maintain the posting pending conclusion of the administrative proceedings pending before the Board; and

(d) within twenty days of an Order granting injunctive relief, file with the Court, an affidavit of compliance signed by Timothy Winston.

---

[1] While the Magistrate Judge recommended that Mr. Stahl be reinstated with backpay, the Petitioner acknowledges in its objections to the Report & Recommendation that it does not seek an interim order requiring Respondent to pay backpay to Mr. Stahl.

The Magistrate Judge recommends that the Petition be denied in all other respects, including as to Petitioner's request for an interim bargaining order requiring ACS to recognize and bargain with the Union under Section 10(j) of the Act.

Petitioner objects to the Report and Recommendation solely to the extent that the Magistrate Judge recommends denial of Petitioner's request for an interim bargaining order requiring ACS to recognize and bargain with the Union under Section 10(j) of the Act. Petitioner argues that an interim bargaining order is "just and proper" and is necessary to preserve the *status quo* and the Board's ability to remedy Respondent's unfair labor practices.

Respondent objects to the Report and Recommendation solely to the extent that the Magistrate Judge recommends it be required to reinstate Mr. Stahl to his former position as a technician with ACS. Respondent contends that reinstatement of Mr. Stahl will not have any appreciable impact on the viability and efficacy of the Union's organization efforts at ACS, but would instead burden ACS with, and place in very close quarters with it, an employee who has repeatedly violated the applicable policies and procedures of ACS and is currently engaged in direct competition with ACS.

### Discussion

Interim injunctive relief is "sometimes necessary in order to preserve the Board's remedial power," as the underlying administrative process often "moves slowly." *Arlook v. S. Lichtenberg & Co., Inc.*, 952 F.2d 367, 369 (11th Cir. 1992). In *S. Lichtenberg*, the Eleventh Circuit clarified the standards governing injunctive relief pursued under Section 10(j), explaining that a district court should grant the Board's request for Section 10(j) equitable relief only when the following two

conditions are satisfied: (1) there is reasonable cause to believe that the alleged unfair labor practices have occurred, and (2) the requested injunctive relief is "just and proper." *Id.* at 371.

Following a careful examination of the Report and Recommendation, the parties' objections and responses thereto, together with a independent review of the record, the Court is of the opinion that the Magistrate Judge properly concluded that there is reasonable cause to believe that the alleged unfair labor practices have occurred and that the injunctive relief recommended by the Magistrate Judge is "just and proper" in scope.

Petitioner has introduced evidence sufficient to demonstrate that the interim reinstatement of Mr. Stahl is necessary to avoid a lasting inhibitive effect on employees' willingness to engage in protected activity. *See, e.g.*, Dkt. 1, Ex. 10, p. 3; Dkt. 1, Ex. 11, p. 5; Dkt. 12, pp. 4-6; *see also NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1573 (7th Cir. 1996) (holding that reinstatement of discharged employees was appropriate, noting that "the employees remaining at the plant know what happened to the terminated employees, and fear that it will happen to them"). Moreover, Petitioner introduced evidence demonstrating that Mr. Stahl was the, or one of the, leading union activist(s), *see, e.g.*, Dkt. 1, Ex. 10, p. 3; Dkt. 1, Ex. 11, pp. 3-5; Dkt. 1, Ex. 12, pp. 4-6; Dkt. 1, Ex. 16, p. 2, and that his interim reinstatement is necessary to ensure that Respondent's conduct does not destroy support for the Union pending the final disposition of matters pending before the Board. *See Pye ex rel. NLRB v. Excel Case Ready*, 238 F.3d 69, 75 (1st Cir. 2001) ("The absence of key union organizers can contribute to the erosion of support for a nascent union movement."). In contrast, Respondent has failed to demonstrate that reinstatement of Mr. Stahl will result in irreparable harm to its business operations. *See Electro-Voice, Inc.*, 83 F.3d at 1573 ("The company always has the right to discipline an employee in a nondiscriminatory fashion for improper conduct.").

Petitioner has not, however, demonstrated that preservation of its remedial power requires the entry of an interim bargaining order in addition to the narrowly tailored injunctive relief recommended by the Magistrate Judge. *See S. Lichtenberg*, 952 F.2d at 374 ("injunctive relief pursuant to § 10(j) is an extraordinary remedy, to be requested by the Board and granted by a district court only under very limited circumstances"). "A bargaining order is appropriate only where the unfair practices have so intimidated employees that an election, even with the full complement of traditional NLRB remedies, would not reflect their true sentiments." *NLRB v. Goya Foods of Florida*, 525 F.3d 1117, 1128 (11th Cir. 2008) (quoting *Avecor, Inc. v. NLRB*, 931 F.2d 924, 935 (D.C. Cir. 1991)). As the Magistrate Judge noted:

> Petitioner seeks to accelerate the usual process through imposition of a bargaining order which sidesteps the election process. Petitioner does not provide a convincing showing that the unfair practices have significantly eroded union support, or that a fair election is impossible without court intervention prior to consideration by the Board after a hearing.

Report and Recommendation (Dkt. 23), p. 13.[2] The Court agrees that the limited relief recommended by the Magistrate Judge is sufficient to preserve the ultimate remedial power of the Board. *See Muffley v. Spartan Mining Co.*, 570 F.3d 534, 546 (4th Cir. 2009) (affirming district court's decision to award limited injunctive relief without an interim bargaining order).

Accordingly, it is **ORDERED AND ADJUDGED**:

(1) The Report and Recommendation (Dkt. 23) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

---

[2] While an interim bargaining order may be appropriate even prior to a formal election and determination as to the appropriate bargaining unit, *compare Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1194 (5th Cir. 1975), with *Kaynard v. Palby Lingerie, Inc.*, 625 F.2d 1047, 10 (2d Cir. 1980), the Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate that an interim bargaining order is necessary because a fair election is virtually impossible.

(2) The Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act, As Amended (Dkt. 1) is **GRANTED** in part and **DENIED** in part.

(3) The Clerk is directed to terminate any pending motions/deadlines and **CLOSE** this case.

It is further **ORDERED AND ADJUDGED**:

(1) Pending the final disposition of the matters pending before the Board, AC Specialists, Inc., its officers, employees, representatives, agents or assigns, and all persons acting in concert with them, are **ENJOINED** from:

    (a) creating any impression among employees that their union activities are under surveillance;

    (b) interrogating employees about their union membership, activities, and sympathies, or about the union membership, activities, and sympathies of other employees;

    (c) threatening employees with discharge or arrest if they engage in union activities or because they have engaged in union activities;

    (d) telling employees that it is futile to choose the United Association of Plumbers, Pipefitters & HVAC Refrigeration Mechanics, Local Union 123, United States and Canada, AFL-CIO (the "**Union**") as their collective bargaining representative;

    (e) discharging or otherwise discriminating against employees because they join or assist the Union, or engage in concerted activities relating to the Union or union membership;

    (f) discouraging employees from engaging in concerted activities relating to the Union or union membership; and

(g)  in any other manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed by Section 7 of the Act, codified at 29 U.S.C. § 157.

(2)  Within **twenty (20) days** from the date of this Order, AC Specialists, Inc. shall take the following affirmative steps:

(a)  offer, and if such offer is accepted, reinstate James R. Stahl to his former position as a technician with ACS;

(b)  convene a meeting during working hours so that pertinent provisions of the Order granting injunctive relief may be read to employees in the presence of responsible management officials and a Board agent;

(c)  post copies of the Order granting injunctive relief at AC Specialists, Inc.'s facility in a location where employee notices are customarily posted and maintain the posting pending conclusion of the administrative proceedings pending before the Board; and

(d)  file with the Court, an affidavit of compliance signed by Timothy Winston.

**DONE AND ORDERED** in chambers this _28th_ day of September, 2012.

/s/ Whittemore
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record